IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Larry Williams,<br>    Plaintiff,<br>vs.<br>Joseph M. Arpaio,<br>    Defendant. | No. CV-05-3071-PHX-DGC (LOA)<br>**REPORT AND RECOMMENDATION** |

    This matter arises on the Court's review of the file. Plaintiff commenced this action on October 3, 2005. (document # 1) On February 17, 2006, the Court ordered service on Defendant and ordered Plaintiff to file a completed service packet by March 9, 2006. (document # 4) The also Court directed Plaintiff to immediately notify the Court in writing of any change in his address and warned Plaintiff that failure to do so could result in dismissal of this action. (Id.); See also LRCiv 83.3(d).

    Thereafter, on February 24, 2006, the Court received returned mail addressed to Plaintiff marked "undeliverable, no longer in custody." No alternate address for Plaintiff was found. (document # 5) Additionally, Plaintiff did not return a completed service packet by the March 9, 2006 deadline. Plaintiff violated the Court's Order and the Local Rules by failing to advise the Court of his new address and failing to return a completed service packet. In view of Plaintiff's failure to comply with court orders, the Court ordered Plaintiff to show cause on or before March 31, 2006 why his action should not be dismissed without prejudice for failure to comply with court orders. (document # 6)

1   Thereafter, on March 20, 2006, the Court again received returned mail addressed to
2  Plaintiff marked "return to sender." (document # 7) Plaintiff has not responded to the Order to
3  Show Cause, notified the Court of his current address, or filed a completed service packet. The
4  Court, therefore, will consider whether to dismiss this matter for failure to comply with court
5  orders.

6   When considering whether to dismiss an action for failure to comply with Court orders,
7  the court considers: "'(1) the public's interest in expeditious resolution of litigation; (2) the
8  court's needs to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy
9  favoring the disposition of cases on their merits; and (5) the availability of less drastic
10 sanctions.'" Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988)(quoting Henderson v. Duncan,
11 779 F.2d 1421, 1423 (9th Cir. 1986)).

12   The first two dismissal factors support dismissal. Plaintiff's failure to take any
13 substantive action since filing a Complaint on October 3, 2005 has impeded the resolution of
14 this case. Malone v. United States Postal Service, 83 F.2d 128, 130 (9th Cir. 1987). Second,
15 Plaintiff's failure to offer any explanation for his delay in returning a completed service packet
16 weighs in favor of dismissal. Third, Plaintiff bears the burden of persuasion as to the
17 reasonableness of his delay and lack of prejudice to Defendant. Franklin v. Murphy, 745 F.2d
18 1221, 1232 (9th Cir. 1984). Under Rule 41(b), Plaintiff is required to prosecute his case with
19 reasonable diligence. Moore v. Telfon Communications Corp., 589 F.2d 959, 967 (9th Cir.
20 1978). There is no evidence that Plaintiff has contacted the Court or Defendant regarding this
21 case. Plaintiff offers no excuse for his failure to prosecute his claims or for his complete
22 disregard for court orders. Under these circumstances, the delay is unreasonable and creates a
23 presumption of prejudice to defendant. Henderson, 779 F.2d at 1423.   Fourth, the order to
24 show cause warned Plaintiff that the Court may dismiss the matter if Plaintiff did not show
25 cause for his failure to comply with court orders. This warning satisfies the Court's obligation
26 to consider less drastic alternatives to dismissal. Malone, 833 F.2d at 131. Finally, the public
27 policy in favor of deciding cases on the merits weighs against dismissal. This factor alone,
28 however, is insufficient to outweigh the other factors which support dismissal. Id.

1  After review of the foregoing factors, the Court finds that this matter should be dismissed
2  based on Plaintiff's failure to comply with court orders.  Fed.R.Civ.P. 41(b).

3  Accordingly,

4  IT IS HEREBY RECOMMENDED that this matter be **DISMISSED** without prejudice
5  for failure to comply with court orders.   Fed.R.Civ.P. 41(b).

6  This recommendation is not an order that is immediately appealable to the Ninth Circuit
7  Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of  Appellate
8  Procedure, should not be filed until entry of the District Court's judgment.  The parties shall
9  have ten days from the date of service of a copy of this recommendation within which to file
10 specific written objections with the Court.  *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e),
11 Federal Rules of Civil Procedure.  Thereafter, the parties have ten days within which to file a
12 response to the objections. Failure timely to file objections to the Magistrate Judge's Report and
13 Recommendation may result in the acceptance of the Report and Recommendation by the
14 District Court without further review. *See United States v. Reyna- Tapia*, 328 F.3d 1114, 1121
15 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate
16 Judge will be considered a waiver of a party's right to appellate review of the findings of fact
17 in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule
18 72, Federal Rules of Civil Procedure.

19 DATED this 12th day of April, 2006.

_____
Lawrence O. Anderson
United States Magistrate Judge

- 3 -